# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BEVERLEY ANNE DOUGLAS,**

          **Plaintiff,**

-vs-                                                Case No. 6:10-cv-1327-Orl-28KRS

**COMMISSIONER OF SOCIAL SECURITY,**

          **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **RICHARD A. CULBERTSON'S UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE (Doc. No. 29)**
>
> **FILED:**    November 9, 2012
>
> **THEREON** it is **RESPECTFULLY RECOMMENDED** that the motion be **GRANTED** in part.

## I. PROCEDURAL HISTORY.

In September 2006, Plaintiff Beverley Anne Douglas applied for disability benefits under the Federal Old Age, Survivors and Disability Insurance Programs (OASDI), 42 U.S.C. § 401 *et seq.*, and under the Supplemental Security Income for the Aged, Blind and Disabled Program

(SSI), 42 U.S.C. § 1381 *et seq*. (sometimes referred to herein as the Act). She alleged that she became disabled on July 4, 2006. After the Social Security Administration (SSA) denied her applications, she appealed that decision to this Court. On November 7, 2011, the Court entered a judgment reversing the decision of the SSA and remanding the case for further proceedings. Doc. No. 23. Thereafter, Douglas was awarded $4,444.48 in attorney's fees under the Equal Access to Justice Act (EAJA). Doc. No. 28.

On November 9, 2012, Richard Culbertson, Esq., counsel for Douglas, filed the present motion seeking an award of $16,778.25 in attorney's fees under 42 U.S.C. § 406(b). He filed in support of the motion a Notice of Award issued by the SSA on October 28, 2012. Doc. No. 29-2. This document reflects Douglas was awarded $91,113.00 in past due benefits. *Id.* at 3. Twenty-five percent of this amount, that is $22,778.25, was withheld to pay Douglas's representatives. From this withheld amount, Douglas's representative at the administrative level was paid $6,000.00. Doc. No. 29-2 at 3. Attorney Culbertson also filed a copy of the federal court fee agreement entered into by Douglas in which she agreed to pay counsel up to 25% of the past-due benefits awarded. Doc. No. 29-1. Additionally, Attorney Culbertson filed a time sheet reflecting that he worked 24.8 hours on Douglas's case. Doc. No. 26 at 2.

The Commissioner does not object to the amount of hours worked or the compensation requested. Doc. No. 29 at 8.

## II.     ANALYSIS.

Attorney Culberston seeks approval to charge Douglas $16,778.25 in attorney's fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment
> . . . .

42 U.S.C. § 406(b)(1)(A).  The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court.  *Id.* at (b)(2).  Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the United States Court of Appeals for the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."  Because Douglas was awarded past-due benefits following remand, the Court may award attorney's fees under § 406(b).

The burden is on counsel for the successful claimant to show that the fee sought is reasonable for the services rendered.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  "[T]he court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee

cases." *Gisbrecht*, 535 U.S. at 808. The Supreme Court observed that the contingent fee may be reduced when the fee is not commensurate with "the character of the representation and the results . . . achieved" or when the past-due benefits "are large in comparison to the amount of time counsel spent on the case . . . ." *Id.*

The fee counsel seeks to charge, $16,778.25, divided by the hours worked in the case, 24.8, results in a hourly rate of $676.54 per hour. This hourly rate is well in excess of the reasonable hourly rate that would be awarded to Attorney Culbertson under a lodestar analysis. In another case approving a contingent fee for a Social Security claimant's counsel, *McKee v. Commissioner of Social Security*, No. 6:07-cv-1554-Orl-KRS, 2008 WL 4456453, at *2-5 (M.D. Fla. Sept. 30, 2008), the Court set forth a lengthy discussion of the reasonableness of contingent fee awards and the proper standards for their evaluation. Among other things, the Court noted that contingent fee awards should not be converted into hourly rate equivalents under a lodestar approach. Rather, the Court should look to the character of the attorney's representation and the results achieved, among other factors. *Id.* at *5 (quoting *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363 (N.D. Ga. 2005)); *accord Cox v. Astrue*, No. 1-07-cv-00236-MP-AK, 2011 WL 2416102, at * 2 (N.D. Fla. June 14, 2011) (finding $24,792.72 reasonable for 17.7 hours work).

The record in this case reflects that Douglas filed her applications for disability benefits and SSI in 2006. Her applications were denied initially and upon reconsideration. In her memorandum of law filed in this case, Douglas's lawyer asserted five reasons that the Commissioner's decision should be reversed. The Commissioner opposed the request that this Court reverse his decision. *See* Doc. Nos. 17, 19, 21. After this Court reversed the

Commissioner's decision and remanded the case for further proceedings, Doc. No. 22, the Commissioner ultimately awarded Douglas benefits in 2012, six years after the applications were filed. Under these circumstances, I find that the fee counsel proposes to charge Douglas is reasonable. However, as discussed below, the proposed fee exceeds that permitted by the statute.

Twenty-five percent of the past-due benefits totals $22,778.25. The record reflects that $6,000.00 of the past-due benefits have already been paid pursuant to 42 U.S.C. § 406(a) to the person who represented Douglas at the administrative level. In *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970), the United States Court of Appeals for the Fifth Circuit stated that it was "fully convinced" that § 406 precludes an aggregate allowance of attorney's fees pursuant to § 406(a) and § 406(b) greater than 25% of the past due benefits received by the claimant. While other courts disagree with the decision, *Dawson* remains controlling law.[1] *See Murkeldove v. Astrue*, 635 F.3d 784, 788 n.1 (5th Cir. 2011). Therefore, Attorney Culbertson may not charge Douglas more than $16,778.25, which is the remainder of the 25% of past-due benefits after payment of the § 406(a) fee.[2]

In *Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1274 (11th Cir. 2010), the Eleventh Circuit held that an attorney who receives fees under both the EAJA and § 406(b) must refund the smaller fee to his client or permit the EAJA fees to be deducted from the fee he can

---

[1] All decisions from the United States Court of Appeals for the Fifth Circuit prior to October 1, 1981 are binding on the United States Court of Appeals for the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[2] This amount is computed as follows: $22,778.25 (25% of past-due benefits awarded) - $6,000.00 (amount paid under § 406(a)) = $16,778.25.

charge the client under § 406(b).  In this case, counsel elects to reduce the amount requested by the fees previously paid.  Doc. No. 29 at 3.  Therefore, the amount Attorney Culbertson could permissibly charge Douglas under § 406 ($16,778.25) must be further reduced by the amount of the EAJA fee awarded ($4,444.48).  Therefore, Attorney Culbertson may charge Douglas $12,333.77 in § 406(b) fees.[3]

### III.   CONCLUSION.

For the reasons stated above, it is **RESPECTFULLY RECOMMENDED** that the Court find that Richard A. Culbertson, Esq., counsel for Douglas in this Court, is allowed to charge Plaintiff Beverley Anne Douglas a fee for federal court representation in the amount of **$12,333.77** to be paid out of the her past-due benefits award.[4]

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on December 14, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[3] Computed as follows: $16,778.25 (maximum amount permitted under § 406(b)) - $4,444.48 (amount of EAJA fee) = $12,333.77.

[4] Attorney Culbertson's alternative calculation of the amount he contends he should be permitted to charge Douglas does not account for deduction of both the § 406(a) fee and the EAJA fee.  Specifically, Attorney Culbertson seeks to deduct the EAJA fee from the total past-due benefits before applying the 25% limitation set forth in § 406.  However, in *Jackson* the Eleventh Circuit indicated that an attorney who receives both an EAJA fee and a § 406(b) fee must either refund the smaller fee to his client or allow the refund of the EAJA fee to be deducted from the § 406(b) fee request.  601 F.3d at 1274.  *See also Paltan v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-932-Orl-DAB, Doc. No. 37 (M.D. Fla. July 12, 2012).  Therefore, I recommend that the Court find that Attorney Culbertson's calculation is not correct under the applicable law.